CHARLES E. JONES v. THE BOARD OF COMMISSIONERS OF MIAMI COUNTY.

PURCHASE OF TAX DEED, *Operating as a Redemption.* Where the owner of an undivided portion of real estate purchases a tax deed from the holder thereof, who is in possession, and such owner has knowledge that the tax deed is void and the holder thereof has a lien only for taxes, interests and costs allowed by the statute, such purchase, where the land is taxable and the taxes have not been paid, operates as a redemption of the lands from the taxes, and is not a purchase of a tax title within the statute; and such owner of the undivided portion of real estate, so purchasing the void tax deed, cannot have his taxes refunded by the county, on the ground that the tax sale is invalid.

*Error from Miami District Court.*

ACTION begun March 25, 1881, by *Jones* against the *Board of Commissioners of Miami County,* to recover the sum of $391 paid on an alleged tax sale of lot 8, block 31, in Paola.   Trial by the court at the May Term, 1882.   The court was requested to find the facts specifically, and state its conclusions of law thereon.   This was done.   The findings are as follows:

" 1.  That in the treasurer's notice of sale for the year 1872 for the tax of 1871, there is no place of sale mentioned in said notice as fixed by statute.   Said sale void because not as prescribed by statute.

" 2.  The court finds as a matter of fact, for the year 1877, that lot 8, in block 31, was assessed with a fractional part of lot 7, in same block.   The tax sale of 1878 for the tax of 1877 is void, and not authorized by law.

" 3.  The court finds as a matter of fact, that . on or about the 15th day of January, 1880, C. E. Jones was the owner of eleven-sixteenths of the lot in controversy.

" 4.  At the time of this trial, the said C. E. Jones is the owner of fourteen-sixteenths of the property in controversy; and further, that he has a contract for the one-sixteenth additional interest, making the interest of C. E. Jones by contract the fifteen-sixteenths interest in said property.

" 5.  That Mrs. Annie Edwards owns one-sixteenth interest in said property, and is a tenant-in-common in said premises with C. E. Jones.

" 6.  When C. E. Jones took the tax title of Ira C. Fuller by quitclaim deed, he knew that Fuller's tax deed was invalid and void.   The purchase of the tax title by C. E. Jones was a voluntary payment of taxes with full knowledge of the defects; and having so purchased is not entitled to recover the same from the county; and that said purchase operates as a redemption of taxes on the land owned by Jones."

Judgment was rendered for the defendant.   Plaintiff excepted, and brings the case here.

*J. G. Slonecker,* for plaintiff in error.

*John C. Sheridan,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: When the plaintiff obtained his tax title, he was a tenant-in-common in the property upon which the taxes had been imposed. He took this tax title knowing that the deed was invalid and void, and knowing also that in consequence thereof Fuller held an equitable tax lien on the premises for all taxes embraced in the tax deed. Under these circumstances, the question is not before us as to the right of one tenant-in-common to buy in a matured tax title. The tax proceedings had not, at the purchase by the plaintiff, matured into a superior title, or indeed into any title. The tax deed was at most an incumbrance or a lien upon the premises. As it was not shown that the premises were not taxable, or that the taxes had been paid prior to the sale, Fuller, as holder of the tax deed, would have been entitled to the full amount of the taxes paid on the premises, with interest and costs as allowed by the statute. The purchase by the plaintiff was not the acquisition of an outstanding or superior title, but merely a redemption of taxes on the land partially owned by himself. At the date of his purchase, it was the duty of the owners of the premises to pay all legal taxes and assessments imposed thereon, and if plaintiff as a tenant-in-common redeemed the land from the taxes by purchase, his purchase is to inure to the benefit of the joint owners. (Cooley on Taxation, 345–6; Blackwell on Tax Titles, 399, 401; 15 Am. Dec. 688; 28 id. 85.) But it is immaterial in this case whether the plaintiff purchased for himself or his co-tenants, as his purchase operated only as a voluntary payment of the taxes.

Our attention is called to the language of § 146 of the tax law, which provides that if after the conveyance of land or lots sold for taxes it shall be discovered or adjudged that the sale was invalid, the holder shall have his taxes refunded. This section, however, has no application where a party pays his money, and procures tax-sale certificates or tax deeds by

way of redeeming the land from taxes, and not by way of purchasing tax titles or tax-sale certificates, as contemplated by the statute. (*Comm'rs of Dickinson County v. National Land Company*, 23 Kas. 197.)

The judgment of the district court will be affirmed.

All the Justices concurring.