W. A. HAMILTON, *an infant, by Lizzie Hamilton, his next friend,* v. JOSEPH W. REDDEN.

TAX TITLE — *Possession — Partition — Statute of Limitations.* When two grantees of a tax-title holder are in the actual possession, each of the one undivided half of the land sold for taxes, before the tax deed has been of record for five years, the statute of limitations does not operate in favor of either, in an action between them for partition.

*Error from Shawnee District Court.*

EJECTMENT. Judgment for the defendant *Redden,* at the January term, 1888. The facts are stated in the opinion.

*E. N. Gunn,* and *C. A. Starbird,* for plaintiff in error.

*H. H. Harris,* and *Redden & Schumacher,* for defendant in error.

Opinion by SIMPSON, C.: On the 24th day of September, 1884, J. W. Redden commenced an action in the district

13 — 44 KAS.

court of Shawnee county against W. A. Hamilton and George Wendell. This was an action in ejectment, to recover the possession of the southeast quarter of section 4, township 10, range 16 east. This land was sold on the 4th day of September, 1877, for the taxes of the preceding year, to L. A. James, and on the 27th day of September, 1880, a tax deed was issued to her. On the 15th day of April, 1881, L. A. James made a quitclaim deed to this land to George Wendell and W. A. Hamilton, each paying one-half of the consideration, the total being $225. Prior to the commencement of his suit, Redden had acquired the title to said land by a number of conveyances, giving him a plain and connected link from the government down. Wendell and Hamilton took possession of the land under the quitclaim deed from Mrs. James. On the 9th day of June, 1885, Redden settled this cause by paying to each of the defendants in that action the sum of $200, and they accepted it in full settlement of the litigation, and George Wendell and wife and P. W. Hamilton and wife executed and delivered quitclaim deeds to Redden. It was agreed between them that Wendell and Hamilton should continue in possession of the land, as tenants of Redden, during the remainder of the year 1885, and Redden gave them the following written instrument:

"TOPEKA, KANSAS, June 9th, 1885.—This is to certify that Messrs. Hamilton and Wendell have entire control of the southeast quarter of section 4, township 10, range 16 east; to be used as a pasture, as they desire, free of charge, for the year 1885. (Signed) J. W. REDDEN."

Redden then dismissed his action, the order being dated June 12, 1885. In the month of August, 1885, Redden discovered for the first time that the party with whom he settled and who executed to him a quitclaim deed, to wit, P. W. Hamilton, was not the W. A. Hamilton against whom he brought suit, but that W. A. Hamilton was the minor son of P. W. Hamilton, aged about five years, to whom P. W. Hamilton had caused Mrs. James to make a quitclaim deed for the land. It appeared that P. W. Hamilton had paid

the money, and had personally taken possession of the land, but for some reason caused the deed from Mrs. James to be executed in the name of his minor son as grantee. P. W. Hamilton then caused his minor son, W. A. Hamilton, to execute a quitclaim deed to J. W. Redden for this land. On the 26th day of August, 1885, by leave of the superior court of Shawnee county (to which the cause had been transferred), Redden caused the dismissal to be set aside, and he filed an amended petition in said court, in which he made P. W. Hamilton an additional party, averring that the said P. W. Hamilton had paid all the money for the tax deed, and that he had possession of the land under the tax deed and quitclaim from Mrs. James, and that his minor son, W. A. Hamilton, never had any real interest in the land, but was holding the title in trust for his father. To this amended petition an answer was filed by Wendell and P. W. Hamilton. A guardian *ad litem* was appointed for W. A. Hamilton. The person who was appointed *ad litem* for W. A. Hamilton was the attorney who was employed by Wendell and P. W. Hamilton shortly after the service of the summons, and he had no other or further authority to appear for them, or for W. A. Hamilton, than resulted from his first employment, at the time the suit was originally instituted. The superior court on the 26th day of August, 1885, it being a part of the June term of said court, rendered a decree, purporting to be with the consent of all the parties, that all the title, legal and equitable, in said lands, held by said defendants, or either of them, was vested in J. W. Redden, and he was declared sole owner. On the 3d day of March, 1886, W. A. Hamilton, by his next friend Lizzie Hamilton, brought this suit, claiming to be the owner of the undivided one-half of the land heretofore described, and stating that Redden was the owner of the other undivided half, and asking that the same be partitioned. Redden denied that the plaintiff in error had any interest in the property. The cause was tried by the court without a jury, at the January term, 1888, and the court made the following findings of fact and conclusions of law:

## FINDINGS OF FACT.

"1. The southeast quarter of section 4, in township 10 south, of range 16 east, in this county, was subject to taxation for the year 1876, and said taxes were unpaid, and on the 4th day of September, 1877, it was sold for taxes by the treasurer of Shawnee county to one L. A. James, for the sum of $33.41.

"2. On September 27, 1880, said land still unredeemed from said tax sale, a tax deed was duly executed, acknowledged and delivered by the county clerk of this county to said L. A. James, and on the same day said tax deed was duly recorded in the office of the register of deeds of this county, in vol. 66, page 205.

"3. In said tax sale said lands were sold for certain illegal taxes and illegal costs, but the greater portion of said taxes were valid and legal, and said tax deed is invalid and voidable unless said plaintiff in this action is protected by the statute of limitations.

"4. Said tax deed was good upon its face, and *prima facie* conveyed all of said land in fee simple to said L. A. James, the grantee named and mentioned in said tax deed.

"5. On April 15, 1881, said L. A. James executed, acknowledged and delivered a quitclaim deed to the plaintiff, W. A. Hamilton, and to one George Wendell, as grantees in said quitclaim deed.

"6. Said George Wendell and P. W. Hamilton paid to the said L. A. James, as the consideration for the said conveyance to the said W. A. Hamilton and George Wendell, the sum of $225, each paying for said conveyance equal parts of said consideration-money.

"7. At the time said conveyance was made by said L. A. James to the said W. A. Hamilton and George Wendell of the said premises for the consideration aforesaid, he, said W. A. Hamilton, was a minor of the age of five years, and he paid no part of said consideration-money, but the said consideration of $225 — one-half was paid by said P. W. Hamilton, father of said W. A. Hamilton, plaintiff.

"8. Said land was vacant and unoccupied previous to the first day of May, 1881, at which time George Wendell and said P. W. Hamilton, father of the plaintiff, went into possession of the same, and inclosed the same with a wire fence, and used it as a pasture.

"9. The plaintiff, W. A. Hamilton, is now a minor about ten years old, and is the son of said P. W. Hamilton; he does now and has always lived with his father, P. W. Ham-

ilton, and said P. W. Hamilton has now and has always had the custody and control of said minor, and said minor has never had another guardian than his natural guardian, his said father; the defendant, J. W. Redden, was before the commencement of this action, to wit, March 3, 1886, the owner of a plain and connected title derived from the government of the United States, for said premises, and was the holder and owner of such title derived from the government of the United States aforesaid, before September 24, 1884.

"10. On September 24, 1884, the said J. W. Redden commenced an action of ejectment in this court for the possession of the southeast quarter of section 4, in township 10 south, of range 16 east, against George Wendell and W. A. Hamilton (this plaintiff), and on that date the clerk of this court issued in said action a summons for said George Wendell and W. A. Hamilton, and delivered the same to the sheriff of this county, who returned said summons with his return thereon indorsed as follows: 'Received this summons this 24th day of September, 1884, and executed the same this 30th day of September, 1884, by leaving at the usual place of residence of each of the within-named defendants, George Wendell and W. A. Hamilton, each a true and certified copy of the within summons, with all the indorsements thereon.— C. THOMAS jr.     By W. D. Disbrow, Deputy Sheriff;' no other summons was issued or served on said W. A. Hamilton or attempted to be served on him in said action while pending in this court, or in the superior court of Shawnee county.

"11. After the return of said summons by the said sheriff, P. W. Hamilton, father of said W. A. Hamilton, and said George Wendell, employed D. A. Harvey, an attorney of this court, to defend said action, and said Harvey duly filed an answer in said cause for said George Wendell and W. A. Hamilton, defendants in said action.

"12. Said action while pending in this court for trial on the petition and answer aforesaid was duly transferred for trial to the superior court of this county, in March, 1885.

"13. On June 9, 1885, the said J. W. Redden, believing that W. A. Hamilton, the grantee in the deed, was P. W. Hamilton, offered to pay said George Wendell and said P. W. Hamilton the sum of $400, that sum being equal to the taxes, interest and costs, and the value of the improvements, on said premises, which said proposition the said parties accepted, and Redden paid Wendell $200, and Wendell and wife executed a quitclaim deed to said Redden for said premises,

and said Redden paid said P. W. Hamilton $200, and said Hamilton and wife executed a quitclaim deed to said Redden for said premises.

"14. At the time said quitclaim deeds were executed and delivered to the said Redden, it was agreed between said Redden and said George Wendell and P. W. Hamilton, that said Wendell and Hamilton should remain in possession of said premises the remainder of the year 1885, and they took from Redden the following written instrument:

"'TOPEKA, KANSAS, June 9, 1885.— This is to certify that Messrs. Hamilton and Wendell have entire control of the southeast 4th, township 10, range 16 east, to be used as a pasture, as they desire, free of charge, for the year 1885.      (Signed)      J. W. REDDEN.'

"15. On June 12, 1885, it being the June term of the superior court of this county, the said court made and entered the following order: 'Joseph W. Redden, plff., v. George Wendell et al., defts. It appearing to the court that the matters and things in controversy have been settled between the parties to this action, it is by the court ordered that this action be and the same is hereby dismissed at the cost of the plaintiff, taxed at —— dollars.'

"16. On August 12, 1885, the plaintiff in this action, W. A. Hamilton, made, executed and delivered a quitclaim deed of the said premises to J. W. Redden.

"17. In order to have executed the said quitclaim deed last mentioned, P. W. Hamilton, the father of the said W. A., who lived in North Topeka, brought his son, W. A. Hamilton, to the Office block on the south side of the river, for the purpose of having his son execute the said deed, and it was executed by the son in the presence of the said father, before H. J. Adams, a notary public.

"18. No consideration was paid by said Redden to said W. A. Hamilton for the execution of that deed, and no other consideration except the $200 paid P. W. Hamilton on June 9th, 1885.

"19. Said deed was executed by said W. A. Hamilton at the request of said J. W. Redden, when he discovered that W. A. Hamilton was named as one of the grantees in the deed from L. A. James.

"20. On August 26, 1885, after the discovery of the mistake and by leave of the superior court of this county, J. W. Redden filed an amended petition in said court, making P. W. Hamilton an additional party thereto, averring that P. W. Hamilton had paid all the money for said tax deed under

which he held possession, and that W. A. Hamilton had never had any real interest in said land, but was holding it in trust for his father, P. W. Hamilton, and praying that the said J. W. Redden might be declared the owner in fee simple of said land, to which petition the said D. A. Harvey, an attorney of said court, filed answer both for P. W. Hamilton and W. A. Hamilton, and also an answer as guardian *ad litem* for said minor, he having been appointed said guardian *ad litem* by the said court. And the said cause coming on for trial August 26, 1885, it being the June term of said court, the said court entered the following decree:

"'J. W. REDDEN, *Plaintiff*, v. GEORGE WENDELL, W. A. HAMILTON and P. W. HAMILTON, *Defendants.*—Parties hereto appear in open court and consent that judgment for costs and order of dismissal entered herein on the 12th day of June, 1885, may be set aside and this case set down for hearing at this day; whereupon it is so ordered, and said judgment and order are hereby vacated; and whereupon, upon the consent of defendants, plaintiff, with leave, filed his amended petition herein, wherein and whereby P. W. Hamilton is joined as a co-defendant, and said amended petition is filed against George Wendell and W. A. Hamilton, the original defendants, and also against the said P. W. Hamilton, who appears to said petition; and the joint answer of said Wendell and said P. W. Hamilton is filed, and it appearing that the defendant W. A. Hamilton is within the age of 21 years, on motion of plaintiff, D. A. Harvey, an attorney of this court, is hereby appointed guardian *ad litem* for said W. A. Hamilton; whereupon said D. A. Harvey appears, accepts the appointment, and files answer herein for said W. A. Hamilton, infant defendant. And afterwards, on this day, came again said parties, the said plaintiff by H. H. Harris and defendants by D. A. Harvey, their attorney, and defendant W. A. Hamilton by D. A. Harvey, his guardian *ad litem*, and this case coming on to be heard on the amended petition and answer of George Wendell and P. W. Hamilton, admit said petition to be true, and the answer of the guardian *ad litem* for the minor defendant, W. A. Hamilton, and proofs; and on due consideration thereof the court finds said petition to be true; that defendant W. A. Hamilton held only the legal title to the one-half of the land as interest therein, in trust for his co-defendant, P. W. Hamilton, and that all the defendants have made conveyance of said premises to plaintiff, and have received full payment therefor; it is therefore, with the consent of the parties hereto, considered, ordered and decreed that all title or interest, either legal or equitable, held by defendants, or either of them, is hereby vested in the plaintiff, J. W. Redden, and he is hereby decreed to be the true, legal, and equitable owner of the said land, to wit, the southeast quarter of section 4, township 10, range 16, in Shawnee county, Kansas, and the defendants are forever barred from setting up title thereto; and it is further ordered and adjudged, that plaintiff pay all costs of this action.'

"21. After the amended petition was filed by said Redden in said action no summons was issued or served on either George Wendell, P. W. Hamilton or W. A. Hamilton. D. A. Harvey, as aforesaid, was not employed nor authorized by P. W. Hamilton or W. A. Hamilton, or either of them, to ap-

pear in said superior court on the 26th day of August, 1885, or at any other time, and consent that the judgment for costs and order of dismissal entered in said court on the 12th day of June, 1885, might be set aside, or for any other purpose whatever.

"22. Said D. A. Harvey, as aforesaid, was not employed or authorized by either of the defendants, George Wendell, W. A. Hamilton or P. W. Hamilton, to appear in said superior court of this county on the 26th day of August, 1885, to consent to the making of any order or to enter the appearance of said defendants, or either of them, to the amended petition filed by the said J. W. Redden against the defendants, George Wendell, W. A. Hamilton or P. W. Hamilton, and such appearance so made by said Harvey was wholly unauthorized and against the interests and rights of said defendants, and each of them, and said decree so entered on the 26th day of August, 1885, in said superior court was entered and made without the knowledge or consent of said defendants, or each of them.

"23. J. W. Redden was not present when W. A. Hamilton executed the deed to him, and said Redden never saw the said W. A. Hamilton until the trial of this action.

"24. J. W. Redden did not know P. W. Hamilton was a different or other person from W. A. Hamilton until after he had paid the said P. W. Hamilton the said sum of $200 and received from said P. W. Hamilton and wife a quitclaim deed for said land.

"25. At the time the said W. A. Hamilton signed and acknowledged the deed of conveyance to said J. W. Redden, dated August 12th, 1885, and described in conclusion of fact No. 16, the said W. A. Hamilton was not of such mature age as to know the nature of the transaction, and was incapable of contracting with said Redden, or being contracted with.

"26. If the plaintiff's title derived through the tax deed made to L. A. James on September 27, 1880, described in conclusion of fact No. 2, is voidable on account of said premises having been sold for illegal taxes September 4, 1877, there is due on said tax sale of one-half of the premises described in plaintiff's petition, the sum of $204.30; and the parties agree that this is the sum for taxes, costs, penalties and interest upon the said sale."

CONCLUSIONS OF LAW.

"1. The deed signed and acknowledged by the plaintiff, W. A. Hamilton, to the defendant, J. W. Redden was and is

is a fraud on the legal rights of said plaintiff, and in law is voidable, and ought to be set aside.

"2. The return indorsed by the sheriff on the summons, conclusion of fact No. 11, issued by the clerk of this court on September 24, 1884, in this action commenced by said J. W. Redden against George Wendell, does not show that such summons was served on the said W. A. Hamilton in the manner provided by law, and neither this court, while said action was pending herein, nor the superior court, while said action was pending in said court, had jurisdiction of the said W. A. Hamilton to make and enter a decree against the said W. A. Hamilton, and the decree made and entered August 26, 1885, was and is void.

"3. The tax deed under which the plaintiff held title is not protected by the statute of limitations, and is voidable in this action, and there is due to the plaintiff on account of the said sale for taxes, principal, penalties, interest and costs, the sum of $204.30, and said sum of money is a lien on the one undivided half of the premises described in plaintiff's petition — the southeast quarter of section 4, township 10 south, of range 16 east.

"4. The plaintiff is entitled to have a lien for said sum of money declared a lien on said premises."

The plaintiff in error saved all proper exceptions, filed a motion for a new trial, that was overruled, and brings the case here for review. He claims that there was no service upon him in the original action; that the attorney was not empowered to appear for him; that his father was his tenant, and could not transfer the possession of the land so as to avoid the statute of limitations; and that as to many of the findings of the trial court there is no evidence to sustain them; and that the legal conclusions are all wrong. In the view that we take, however, a discussion of many of these questions is avoided. Conceding for all the purposes of this opinion, that he is not bound by the decree in the case of Redden against him and Wendell, either for want of service or for authority on the part of the attorney, and discarding the record of that action for all purposes, the questions of the validity of the tax deed to Mrs. James and the operation of the statute of limitations are controlling in this action instituted by him

against Redden.   This tax deed was executed and delivered
to Mrs. James on the 27th of September, 1880.   On the 15th
of April, 1881, she conveyed an undivided half-interest to
each of the persons, W. A. Hamilton and George Wendell.
P. W. Hamilton and Wendell took possession under these
quitclaim deeds immediately.   It does not make any differ-
ence in this connection what the motive of P. W. Hamilton
was in having that quitclaim deed from Mrs. James executed
in the name of his minor son, W. A. Hamilton.   The pos-
session was that of P. W. Hamilton, and his right to the
possession passed to Redden on the 9th day of June, 1885, by
reason of the compromise made on that day, and by the exe-
cution and delivery of a quitclaim deed from P. W. Hamil-
ton and wife to Redden.   At this time the statute had not
run in favor of Mrs. James, who had not held the title long
enough, or of P. W. Hamilton and Wendell, who had not
been in actual possession long enough to bar Redden's action,
that had been commenced in September, 1884.   Redden has
the original title, and about this fact there does not seem to be
a dispute.   On the 9th day of June, 1885, he acquired from
Wendell the tax-deed title to an undivided half of the land
and the possession that accompanied it.   All this was done
before the tax deed was on record for five years.
This seems to us conclusive against the plea of
the statute of limitations, relied on by the plain-
tiff in error, and this too, with reference to a fact strongly
pressed, that P. W. Hamilton was the tenant of W. A. Ham-
ilton and that his possession was that of his son.   From the
date of that purchase from Wendell, Redden had equal rights
with W. A. Hamilton in the land so far as the tax deed gave
either or both any interest, as by that purchase they became
tenants in common.   (*Jones v. Comm'rs of Miami Co.*, 30 Kas.
278.)   In any view that can be taken, the statute of limita-
tions does not run in favor of W. A. Hamilton as against
J. W. Redden.

So far as the validity of the tax deed is concerned, the find-
ings of the trial court are conclusive against it.   The evi-

Statute of limi-
tations, plea of
no avail.

dence is not preserved in the record; only the pleadings, findings and journal entries are here. The trial court found that the land was sold for certain illegal taxes and illegal costs, and for these reasons that the tax deed is invalid. A copy of the tax deed is not contained in the record, and this finding therefore, precludes all inquiry as to that question. The tax deed being invalid, and the statute of limitations not operating in favor of the plaintiff in error, it follows that the decision below is right, and it must be affirmed.

By the Court: It is so ordered.

All the Justices concurring.