JAMES A. PULSIFER, Admr., *vs.* HENRY GREENE.

SAME *vs.* CARLOS HEARD.

Androscoggin.    Opinion May 14, 1902.

*Stockholders.    Double Liability.    Foreign Judgment.    Limitations.    R. S., c. 47, §§
42, 45, 46.    Stat. 1899, c. 68, § 1.    Kans. Const. Art. XII, § 2.
Kans. Gen. Stats. 1889, 1192, § 32-1200, §
40-1204, § 44-4095, § 18.*

The double liability imposed by the constitution and statutes of Kansas upon
stockholders in corporations organized under the laws of that state,
though statutory in its origin, is contractual in its nature.

As such it is not local but transitory; and a creditor of the corporation, who
has obtained a judgment against it in Kansas, may maintain an action in
the courts of this state against a stockholder residing here to enforce his
liability under such contract.

The stockholder is bound by the contract into which he entered when he
accepted his stock; and where by the laws of the state under which the
corporation was organized he is liable severally and individually, and not
jointly and ratably, he cannot object that his fellow stockholders are not
joined with him as defendants, or that it will be difficult for him to
enforce contribution from them.

If the same statute of a foreign state which creates the remedy prescribes the
time within which an action must be brought, the period of limitation
becomes a part of the right itself, and at its expiration the right is
extinguished.

If, however, the period of limitation is not prescribed by the same statute
which confers the right, but is found in a general statute of limitations of
the foreign state, it becomes a law relating to the remedy, and has no
extra territorial force.

The statute invoked by the defendant is a part of the general statute of lim-
itations of the state of Kansas. It is not an integral part of the right
itself, which goes with it everywhere that the right is sought to be enforced.
It applies only when the remedy is sought in Kansas, and cannot follow
the right beyond the bounds of that state.

On report.    Judgment for plaintiff.

Assumpsit by a creditor of a Kansas corporation to enforce the
double liability against a stockholder resident in Maine.

The facts are stated in the opinion.

*H. W. Oakes, J. A. Pulsifer and F. E. Ludden*, for plaintiff.

Besides many Kansas cases counsel cited: *Fairfield* v. *Gallatin*, 100 U. S. 47; *Flash* v. *Conn*, 109 U. S. 371; *Jones* v. *Sisson*, 6 Gray, 288; *Penobscot and Kennebec R. R. Co.* v. *Bartlett*, 12 Gray, 244, 71 Am. Dec. 753; *Blackstone* v. *Blackstone*, 13 Gray, 488; *Hutchins* v. *New England Coal Mining Co.*, 4 Allen, 580; *Halsey* v. *McLean*, 12 Allen, 438; *New Haven Horse Nail Co.* v. *Linden Spring Co.*, 142 Mass. 349; *Hancock National Bank* v. *Ellis*, 166 Mass. 414, 55 Am. St. Rep. 414; *Elmendorf* v. *Taylor*, 10 Wheat. 152; *Fourth National Bank* v. *Francklyn*, 120 U. S. 747; *Whitman* v. *Bank of Oxford*, 176 U. S. 559; *Hancock Nat'l Bank* v. *Farnum*, 176 U. S. 640; *Hancock Nat'l Bank* v. *Ellis*, 172 Mass. 39, 70 Am. St. Rep. 232, 42 L. R. A. 396; *Bank of North America* v. *Rindge*, 57 Fed. Rep. 279; *Rhodes* v. *Bank*, 66 Fed. Rep. 512; *McVickar* v. *Jones*, 70 Fed. Rep. 754; *Guerney* v. *Moore*, 131 Mo. 650; *Aldrich* v. *Anchor Co.*, 24 Ore. 32, 41 Am. St. Rep. 831; *Ball Electric Light Co.* v. *Child*, 68 Conn. 522; *American, etc., Co.* v. *Woodworth*, 82 Fed. Rep. 269; *Brown* v. *Trail*, 89 Fed. Rep. 641; *Auer* v. *Lombard*, 72 Fed. Rep. 209; *Bagley* v. *Tyler*, 43 Mo. App. 195; *Kisseberth* v. *Prescott*, 91 Fed., Rep. 611; *Latimer* v. *Bank*, 102 Iowa, 162; *Stoddard* v. *Lum*, 159 N. Y. 265, 70 Am. St. Rep. 541, 45 L. R. A. 551; *Howarth* v. *Angle*, 162 N. Y. 179, 47 L. R. A. 725; *Ward* v. *Joslin*, 100 Fed. Rep. 676; *Thibodeau* v. *Levassuer*, 36 Maine, 362; *Brown* v. *Nourse*, 55 Maine, 230, 92 Am. Dec. 583; *Hobbs* v. *Nat'l Bank of Commerce*, 96 Fed. 396; *Telegraph Co.* v. *Purdy*, 162 U. S. 329; *Scudder* v. *Union Nat'l Bank*, 91 U. S. 406; *Pritchard* v. *Norton*, 106 U. S. 124; *Michigan Ins. Bank* v. *Eldred*, 130 U. S. 693; *Canadian Pacific Railway Co.* v. *Johnston*, 61 Fed. Rep. 738.

*H. M. Heath and C. L. Andrews*, for defendant.

The strength of the case of *Hancock National Bank* v. *Ellis*, 172 Mass. 39, 70 Am. St. Rep. 232, is somewhat weakened by the fact that the court was divided and all the earlier rules are to the contrary.

At the date of that case the plaintiff's contentions had been denied in *Cushing* v. *Perot*, 175 Pa. St. 66, 52 Am. St. Rep. 835, 34 L. R. A. 737, and note; *Tuttle* v. *National Bank*, 161 Ill. 497, 34 L. R. A. 750, and note; *Hancock Nat'l Bank* v. *Farnum*, 20 R. I. 466; *Marshall* v. *Sherman*, 148 N. Y. 9, 51 Am. St. Rep. 654, 34 L. R. A. 757.

The precise questions involved here, raised under the same Kansas statutes, are exhaustively reviewed and decided adversely to the plaintiff by a unanimous court in *Crippen* v. *Laighton*, 69 N. H. 540, 76 Am. St. Rep. 192, 46 L. R. A. 467.

Where a statutory right is created, coupled with a specific remedy to enforce it, such remedy is exclusive and cannot be pursued in a foreign jurisdiction. *Finney* v. *Guy*, 106 Wisconsin, 256, 49 L. R. A. 486.

Where a receiver is appointed to collect from delinquent shareholders the proportionate amounts needed to satisfy the debts of an insolvent corporation, the courts of all states should be opened to him, inasmuch as he will collect the funds equitably and ratably, and finally work out impartial justice among all the stockholders irrespective of their residences; but single stockholders should not in foreign states pursue what is a peculiar and local remedy. *Howarth* v. *Angle*, 162 N. Y. 179, 47 L. R. A. 725.

*Stoddard* v. *Lum*, 159 N. Y. 265, 70 Am. St. Rep. 541, 45 L. R. A. 551, is a case where collection was being enforced through a general assignee for the benefit of creditors.

While many cases hold to the contrary, it is submitted that the statutes of Kansas under discussion, in attempting to create a liability, at the same time point out a special and peculiar remedy for that liability. No state can legislate upon remedies to be used in a foreign state.

" The liability and the remedy were created by the same statute. This being so, the remedy provided is exclusive of all others. A general liability created by statute, without a remedy, may be enforced by an appropriate common law action." *Pollard* v. *Bailey*, 20 Wall. 520.

In *Marshall* v. *Sherman*, 148 N. Y. 9, 51 Am. St. Rep. 654, 34 L. R. A. 757, this particular statute was held to provide a remedy so peculiar and complicated that New York could not and would not enforce it.

Liability for unpaid subscriptions is clearly a contract and enforceable everywhere. Statutory liability upon full paid stock is the creature of statute; and if the statute prescribes a remedy the force of the complete statute must end with the boundary line of the state enacting it, and can enter no state not having that form of remedy in like cases.

The important element is the construction of the statute itself. If construed as conferring a right coupled with a peculiar remedy to make it effective, that remedy is exclusive and enforceable only within the jurisdiction of its creation. And it has been so decided in *May* v. *Black*, 77 Wis. 101; *Pollard* v. *Bailey*, 20 Wall. 520; *Fourth Nat'l Bank* v. *Francklyn*, 120 U. S. 747; *Rocky Mountain Nat'l Bank* v. *Bliss*, 89 N. Y. 338; *Christenson* v. *Eno*, 106 N. Y. 97, 60 Am. Rep. 429; *Patterson* v. *Lynde*, 112 Ill. 196; *Huntington* v. *Attrill*, 146 U. S. 657; *New Haven Horse Nail Co.* v. *Linden Spring Co.*, 142 Mass. 349; *Bank of No. America* v. *Rindge*, 154 Mass. 203, 26 Am. St. Rep. 240, 13 L. R. A. 56.

The gist of the cases is well stated in the rule of *Pollard* v. *Bailey*, 20 Wall. 520,—"Where the provision for the liability is coupled with a provision for a special remedy, that remedy and that alone must be employed."

The recent construction of this statute by the U. S. supreme court is at variance with the rule of *Terry* v. *Little*, 101 U. S. 216, holding that where the statute contemplates in effect a proportionate liability of stockholders the proceedings must be in equity. In the latest decisions of that court the qualifying force of § 1204 as giving a peculiar and special remedy has been overlooked.

*Enoch Foster and O. H. Hersey; N. B. Walker*, for defendant, in a case brought by same plaintiff against Carlos Heard, and which turned on the same questions, and in which judgment was rendered for the plaintiff.

The plaintiff cannot maintain this action for the reason that the limitation bar of three years applies as provided in Kansas statutes 4095, § 18, since the same is an action upon a liability created by statute.

While the statute of limitations generally is one which has to be applied with reference to the law of the forum, in this particular class of cases there is a distinction between general statutes of limitation and those which are created for and apply to a particular class of cases like this at bar.

"Statutes of limitation in general must be carefully distinguished from special limitations restricting a statutory right, or limitations by express contract." Vol. 13. Am. & Eng. Encl. of Law, 1st Ed. 688.

"Such special limitations extinguish the right rather than affect the remedy. They are therefore as valid everywhere as at the place of the contract, and are not considered to be waived if not pleaded."

Consequently this right which the plaintiff's intestate had of bringing suit against a stockholder to obtain a double liability was not a common law right of action, for at common law no such right existed of suing the stockholder to obtain this double liability which the plaintiff seeks to recover in this action. It was a pure statutory right, created and existing only by virtue of the statutes of Kansas to which we have referred; and upon which the plaintiff himself in this action in his declaration relies, for he claims in that declaration that it was a pure statutory right.

Here then is a special limitation for actions accruing "upon a liability created by statute." But the cause of action, having accrued at the end of one year after the Clyde Banking Company ceased to do business, namely, February 3, 1895, any action against the stockholder must have been brought within three years from that date, else that right has become extinguished as well as the remedy.

The mere fact that the plaintiff's intestate saw fit to proceed against the Clyde Banking Company, and obtain a judgment and execution thereon against that company, could not extend the period of limitations.

"Such a statute is something more than a mere statute of limitations; it constitutes a rule of property." *Pulliam* v. *Pulliam*, 10 Fed. Rep. 76; *State* v. *Crutcher*, 2 Swan (Tenn.) 504.

Counsel cited: *Sleeper* v. *Norris*, 59 Kan. 555; *First Nat'l Bank* v. *King*, 60 Kan. 723; *Hudson* v. *Bishop*, 32 Fed. Rep. 519; *Riddlesbarger* v. *Hartford Ins. Co.*, 7 Wall. 386; *Carter* v. *Ins. Co.*, 12 Iowa, 287; *Hudson* v. *Bishop*, 35 Fed. Rep. 820; *Taylor* v. *Cranberry Iron & Coal Co.*, 94 No. Car. 525; *Gray* v. *Hartford Ins. Co.*, 1 Blackf. 280; *Finnell* v. *Southern Kansas Railroad*, 33 Fed. Rep. 427; *Boyd* v. *Clark*, 8 Fed. Rep. 849; *Cooper* v. *Lyons*, 9 Lea (Tenn.) 596; *Brunswick Terminal Co.* v. *National Bank*, 99 Fed. Rep. 635, 48 L. R. A. 625.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J.   This is an action of assumpsit brought by a creditor of the Clyde Banking Company, a corporation organized and existing under the laws of the state of Kansas, to enforce the double liability of the defendant, a non-resident stockholder in the corporation.

The case shows the following facts.   The administrator of the plaintiff's intestate recovered judgment against the corporation on April 15, 1895, in the district court of Cloud county, Kansas, for $25,523.20 debt, and $10.50 costs.   Execution thereon was duly issued, and returned unsatisfied, for the reason that no property could be found whereon to levy it.   The judgment is still unsatisfied, and on July 23, 1900, this action was brought against the defendant, who on Jan. 1, 1895, was, and still is the owner of five shares of the capital stock, of the par value of $100 each.   No other action has been brought against the defendant, and he has no claim in set-off against the corporation.

Article XII, § 2 of the constitution of the state of Kansas provides as follows:

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by

law; but such individual liability shall not apply to railroad corporations, nor corporations for religious or charitable purposes."

And in the general statutes of Kansas of 1889, in force on Jan. 5, 1895, are found the following provisions, later embodied in the revision of 1897, and which are still the law of that state.

"1192, § 32. If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of the stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit, or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and upon such motion such court may order execution to issue accordingly, or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

"1200, § 40. A corporation is dissolved — first, by the expiration of the time limited in its charter; second, by a judgment of dissolution rendered by a court of competent jurisdiction; but any such corporation shall be deemed to be dissolved for the purpose of enabling any creditors of such corporation to prosecute suits against the stockholders thereof to enforce their individual liability, if it be shown that such corporation has suspended business for more than one year."

"1204, § 44. If any corporation created under this or any general statutes of this state, except railway or charitable or religious corporations, be dissolved leaving debts unpaid, suits may be brought against any person or persons, who were stockholders at the time of such dissolution, without joining the corporation in such suit; and if judgment be rendered and execution satisfied, the defendant or defendants may sue all who were stockholders at the time of the dissolution, for the recovery of the portion of such debt for which they were liable, and the execution upon the judgment shall direct the

collection to be made from property of each stockholder, respectively; and if any number of stockholders (defendants in the case) shall not have property enough to satisfy his or their portion of the execution, then the amount of the deficiency shall be divided equally among all the remaining stockholders, and collections made accordingly, deducting from the amount a sum in proportion to the amount of stock owned by the plaintiff at the time the company dissolved."

"4095, § 18.   Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

First, within five years: An action upon any agreement, contract, or promise in writing.

Second, within three years:   An action upon a contract not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

The claim of the plaintiff is resisted on three principal grounds: first, that the liability of the defendant is purely statutory, and does not extend beyond the jurisdiction of the state which created it; second, that the remedy given is special, exclusive, and unknown to our laws, and cannot be enforced in this state; third, that the limitation found in the statutes of Kansas does not merely affect the remedy, but has extinguished the substantive right of the creditor.

I.   The double liability of the stockholders of the corporation was created for the benefit of its creditors.   While it is not an asset of the corporation, adds nothing to its pecuniary resources, and is not available to or enforceable by the corporation itself, it does add to its commercial credit.   It is enforceable by its creditors, and persons who contract with and give credit to the corporation may well be presumed to do so upon the faith of the liability of its stockholders. It is elementary that every person who voluntarily becomes a stockholder in a corporation thereby agrees to the terms of its charter. The law which created the defendant's liability was a part of the same system of laws which permitted him and his fellow stockholders to be a corporation.   It is to be read into its charter.   The two go

together. He cannot with one hand grasp the benefit, and with the other reject the burden. When he voluntarily became a stockholder in the Clyde Banking Company, incorporated under the laws of the state of Kansas, he must be held to have contracted with reference to and have agreed to be bound by the laws of that state, which entered into and formed a part of the constitution of the company. The obligation which he thereby assumed though statutory in its origin was contractual in its nature, and as such not local, but transitory. It goes with him wherever he goes, and is enforceable in any court of competent jurisdiction. This result, which we believe to be consonant with reason and natural justice, is sustained by the weight of authority. *Childs* v. *Cleaves*, 95 Maine, 498 ; *Whitman* v. *Oxford National Bank*, 176 U. S. 559 ; *Broadway Nat'l Bank* v. *Baker*, 176 Mass. 294 ; *Howarth* v. *Lombard*, 175 Mass. 570, 49 L. R. A. 301 ; *Flash* v. *Conn*, 109 U. S. 371 ; *Paine* v. *Stewart*, 33 Conn. 516 ; *Western Nat'l Bank* v. *Lawrence*, 117 Mich. 669 ; *Bell* v. *Farwell*, 176 Ill. 489, 42 L. R. A. 804 ; *Ferguson* v. *Sherman*, 116 Cal. 169, 37 L. R. A. 622 ; *Howell* v. *Manglesdorf*, 33 Kans. 199 ; Morawetz on Private Corporations, § § 869, 871, 874.

II. As to the remedy. The construction placed upon a statute by the highest court of the state which enacted it is considered a part of the law itself, and justly entitled to great weight. By paragraph 1192 two remedies are provided for enforcing the liability of the stockholder ; one by motion in the original case wherein judgment has been rendered against the corporation ; the other by suit by the judgment creditor against the stockholder. *Howell* v. *Manglesdorf*, supra. The liability of each stockholder is several and not joint, and he must be sued separately. *Abbey* v. *Grimes Dry Goods Co.*, 44 Kans. 194; *Howell* v. *Bank*, 52 Kans. 133. The first method is special, and unknown to our laws, and the creditor cannot avail himself of it here. Neither has he attempted to do so. He has proceeded in the precise way pointed out by the latter portion of paragraph 1192. He has alleged and proved a contract, and brings this action upon it. To permit him to maintain it contravenes no

policy of this state, is not contrary to public morals or abstract justice, and injures neither the state nor its citizens. All the parties to the contract are before this court, and as between them complete justice may be done in this form of action. But aside from principles of comity it has been well said that "the right to maintain a suit of this character outside of the jurisdiction of the state by which the corporation was chartered, does not depend upon the comity of the state where the suit is brought, or its willingness to recognize and give effect to the laws of a foreign state; it depends upon the willingness of the courts to enforce a contract validly entered into between the parties in another jurisdiction. A refusal to grant a remedy in a case of this kind would not be a refusal to enforce a foreign law; it would be simply a denial of justice." Morawetz on Private Corporations, § 875.

In this state the liability of stockholders in banks and in trust and banking companies is proportionate and ratable, R. S., c. 47, §§ 42, 45, Pub. Laws 1899, c. 68, § 1, and the remedy is in equity, R. S., c. 47, § 46; *Trust Co.* v. *Loan Co.*, 92 Maine, 444, where the rights of all creditors, and the ratable liability of the stockholders can be determined in one suit. By the law of Kansas, however, which entered into the defendant's contract, he is under a several and not a joint or proportionate liability to the whole amount of his stock, in favor of the judgment creditor of the corporation first suing therefor. By paragraph 1204 the burden of enforcing contribution among the stockholders is put not upon the creditor, but upon the stockholder, and can be made available by him only after he has paid a judgment obtained against him by the creditor of the corporation. It may be difficult for him to enforce the remedy there provided, because his fellow stockholders may reside in many different states, but it is open to all stockholders. The defendant has the same right to enforce contribution as he would have if he resided in Kansas. It is the remedy which he accepted when for purposes of gain he voluntarily accepted his stock, knowing that the law placed upon him, and not upon the creditor, the burden of enforcing contribution among the stockholders. He is simply held to the contract which he made, and by which he agreed with the corporation

creditor to become responsible to him, severally and individually, and not jointly or ratably. '

III.   It is not claimed that a pure statute of limitations of a foreign state has extraterritorial force, but it is urged that this being " a liability created by statute, other than a forfeiture or penalty," paragraph 4095 operates as a special statutory limitation, and altogether extinguished the right at the expiration of three years from Feb. 4, 1895, when the cause of action accrued.   Whether this particular limitation of time is to be regarded as a part of the general statute of limitations must be determined from the language employed, and from the connection in which it is used.   " If the same statute that creates the remedy prescribes the time within which the action thereon must be brought, it is generally construed as imposing that period for the prosecution of the remedy as a condition for prosecuting it at all.   It becomes a part of the right itself, and is governed by the same law that regulates the right in other respects. But if the period of limitation is not prescribed by the same statute which confers the right, but is found in a general statute, the general principle applies, and it becomes a law relating to the remedy, which will have no extraterritorial force."   Minor on Conflict of Laws, § 210. In this case paragraph 1192, which creates the liability of the defendant, prescribes no period within which that liability must be enforced. The statute relied upon by the defendant is a part of the general statute of limitations of the state of Kansas.   It applies to all contracts not in writing, and to all liabilities created by statute, other than a forfeiture or penalty.   *Broadway Nat. Bank* v. *Baker*, 176 Mass. 294. It is not therefore an integral part of the right itself which goes with it everywhere that the right is sought to be enforced ; but it applies only when the remedy is sought in Kansas, and cannot follow the right beyond the bounds of that state.   This result is not in conflict with the cases cited by the defendant.   In *Cottrell v. Manlove*, 58 Kan. 405, the statute was held a bar to an action in the state of Kansas, and in *The Harrisburg*, 119 U. S. 199, the limitation of the remedy was contained in the same statute which created the liability.

*Judgment for plaintiff for $500, and interest*
*from date of writ.*