THOMAS IRON COMPANY *v.* THE ENSIGN-BICKFORD COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 4—decided March 8, 1945.

*William T. Holleran,* with whom, on the brief, was *Arthur B. O'Keefe,* for the appellant (plaintiff).

*Charles Welles Gross,* with whom, on the brief, was *Reese H. Harris, Jr.,* for the appellee (defendant).

BROWN, J. The following facts appear from the writ and complaint. Thomas Iron Company owned a mine located at Wharton, New Jersey, where the four individuals upon whose behalf the action is brought were employed as miners. While so engaged on October 4, 1940, they were injured by the premature explosion of a blast, alleged to have been due to the defendant's negligence in manufacturing a fuse used in setting it off. The plaintiff company, pursuant to the workmen's compensation law of New Jersey, paid and became obligated to pay substantial compensation to the four miners. On October 1, 1942, it brought this action in the name of the four employees in accordance with the provisions of the above mentioned law.

The material provisions of this law are these: "Where a third person or corporation is liable to the employee . . . for an injury," the employee's right of compensation against the employer shall not bar his action against the third party, and any sum realized by the employee by virtue of this right of action against the third party shall serve to reduce the employer's obligation as further provided in the act. When an injured employee fails "within one year of the accident" either to settle his claim or to bring suit against the third party, the employer, "ten days after a written demand on the injured employee . . . can either effect a settlement with or institute proceedings against the third person or corporation" for the damage sustained by the employee, "and such right of action shall be only for such right of action that the injured employee . . . would have had against the third person or corporation, and shall constitute a bar to any further claim or action by the injured employee . . . against the third person or corporation." Should the employer either by settlement or judgment obtain from the third party an amount "in excess of the employer's obligation to the employee and the expense of suit, such excess shall be paid to the employee." "The legal action contemplated herein above shall be a civil action at law in the name of the injured employee or by the employer . . . in the name of the employee to the use of the employer. . . ." 2 N. J. Rev. Stat. (1937) § 34:15-40. The plaintiff company made written demand of the employees in accordance with the above quoted provision of the law.

The defendant pleaded as a second defense that "This action to recover damages for injury to the person" of the plaintiff's employees "caused by negligence was not brought within one year from the date of the act or omission complained of." The plaintiff's reply

admitted this allegation but alleged that the action was brought in accordance with the workmen's compensation law of New Jersey as incorporated in the complaint, repeated in particular the provision empowering the employer to sue, and stated "that said action is a statutory civil action at law, as provided" in that law, and that in this civil action at law on account of the defendant's wrongful act and neglect the New Jersey statutes provide the two-year limitation which we quote below. The defendant filed a demurrer to this reply, the material part of which is that under the provisions of the New Jersey workmen's compensation law the only cause of action is for injuries to the plaintiff's employees predicated on the defendant's negligence, and that the time within which the action could be brought is determined by the Connecticut one-year Statute of Limitations; General Statutes, Cum. Sup. 1935, § 1680c; and not by the two-year New Jersey statute, which is not a part of the New Jersey workmen's compensation law but which applies to all actions for injuries to the person caused by wrongful act, neglect or default. 1 N. J. Rev. Stat. (1937) § 2:24-2. The court sustained the demurrer and, the plaintiff having failed to plead over, judgment was entered for the defendant, from which the plaintiff has appealed.

It is undisputed that, as a principle of universal application, remedies and modes of procedure depend upon the lex fori. The plaintiff company accordingly concedes that if this were a common-law action § 1680c would preclude recovery. It contends, however, that the general rule that remedies as distinguished from the rights of the parties are determined by the lex fori is subject to a well-recognized exception when a statutory liability is sought to be enforced and the remedial law of the foreign jurisdiction is inseparable from the

cause of action. In this it is correct where the "foreign remedy is so inseparable from the cause of action that it must be enforced to preserve the integrity and character of the cause and when such remedy is practically available." *Precourt* v. *Driscoll*, 85 N. H. 280, 283, 157 Atl. 525, 78 A.L.R. 874 and note, 883; 11 Am. Jur. 499. In such a case the lex loci and not the lex fori governs. *Central Vermont Ry.* v. *White*, 238 U. S. 507, 511, 35 Sup. Ct. 865; 11 Am. Jur. 509, § 194. See *Flynn* v. *New York, N. H. & H. R. Co.*, 111 Conn. 196, 200, 149 Atl. 682; *Broderick* v. *McGuire*, 119 Conn. 83, 95, 174 Atl. 314; *Orr* v. *Ahern*, 107 Conn. 174, 177, 139 Atl. 691.

Thus, at least in cases where the statutory limitation in the jurisdiction of the cause of action's origin prescribes a longer period than does that of the forum, the law is well settled that, if the limitation is so interwoven with the statute creating the cause of action as to become one of the congeries of elements necessary to establish the right, that limitation goes with the cause of action wherever brought. 3 Beale, Conflict of Laws, p. 1620 et seq.; Restatement, Conflict of Laws, §§ 604, 605; notes, 113 A.L.R. 510, 143 A.L.R. 1442. Nor is it essential that the limitation be prescribed in the statute which itself creates the liability. The question involved is one of statutory construction. See *Brunswick Terminal Co.* v. *National Bank*, 99 Fed. 635, 639, 40 C.C.A. 22. As was said by Mr. Justice Holmes in *Davis* v. *Mills*, 194 U. S. 451, 24 Sup. Ct. 692, at page 454: "The common case is where a statute creates a new liability and in the same section or in the same act limits the time within which it can be enforced, whether using words of condition or not. *The Harrisburg*, 119 U. S. 199. But the fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It

is merely a ground for saying that the limitation goes to the right created and accompanies the obligation everywhere. The same conclusion would be reached if the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right." In the case before us the statute on which the plaintiff's action is predicated contains no limitation upon the time within which it can be enforced. The question is therefore whether the limitation in any applicable New Jersey statute is directed to this liability "so specifically as to warrant saying that it qualified the right."

The Statute of Limitations upon which the plaintiff relies (1 N. J. Rev. Stat. [1937] § 2:24-2), provides: "Two years; actions for injuries to person by wrongful act. All actions for injuries to the person caused by the wrongful act, neglect or default of any . . . corporation . . . within this state shall be commenced within two years next after the cause of any such action shall have accrued, and not thereafter." The section of the New Jersey workmen's compensation law creating the right in the employer (2 N. J. Rev. Stat. [1937] § 34:15-40[f]), quoted above, specifies that the action provided for "shall be a civil action at law," which brings the instant cause of action within the terms of this Statute of Limitations, and there is no suggestion that any other New Jersey statute applies. Therefore, as it is admitted that this is an action for injuries to the person caused by negligence, the New Jersey two-year statute, inasmuch as it does not purport to qualify the plaintiff's right, does not apply, but it is the Connecticut one-year statute which governs. See *Pulsifer* v. *Greene*, 96 Me. 438, 448, 52 Atl. 921. The court correctly so held.

The Connecticut statute provides that the action shall be brought within one year "from the date of the act or omission complained of." In view of the reasons stated above, the fact that the plaintiff's right of action did not arise until after the one-year period prescribed by § 1680c had expired does not call for a contrary conclusion.

There is no error.

In this opinion the other judges concurred.