**Susan CORRIGAN, Plaintiff,**

v.

**CLAIROL, Inc., Defendant.**

**Civ. A. No. 4882.**

United States District Court,
D. Connecticut.

Sept. 22, 1954.

Bailey & Wechsler, Hartford, Conn., for plaintiff.

S. Gene Munford, Hartford, Conn., for defendant.

SMITH, Chief Judge.

This is an action by a Massachusetts resident against the defendant, a Connecticut corporation, to recover for personal injuries allegedly incurred as a result of plaintiff's use in Massachusetts as a beautician of one of defendant's hair-bleach products in the course of business. The action was brought within the two-year limitation period established by Massachusetts law for personal injury actions but well after the one-year period for such actions in Connecticut. Conn.Gen.Stats., Rev. of 1949, Sec. 8324. Defendant moves to dismiss on the ground that the action is barred by the

Connecticut statute of limitations which it claims to be applicable in this case.

■■■■ Insofar as the negligence alleged is negligence in the manufacture which appears from the complaint to have taken place in Connecticut, the cause of action would be barred even if the law of the place of the negligence be applied.

Plaintiff's action if based on negligence taking place in Massachusetts is also barred. Federal jurisdiction of this cause depends upon diversity of citizenship. 28 U.S.C.A. § 1332. In determining whether Massachusetts or Connecticut law is to be applied, this court will follow whatever rule of conflict of laws the courts of Connecticut would apply in like cases. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; McMillen v. Douglas Aircraft Co., D.C.S.D.Cal.1950, 90 F.Supp. 670; Moore's Federal Practice, 2nd Ed., Vol. 2, pp. 715–718. The Connecticut Supreme Court has held in a workmen's compensation action arising under New Jersey law and involving a question of limitations that the law of the forum was applicable and that the action was barred by the one-year Connecticut statute. Thomas Iron Co. v. Ensign-Bickford Co., 1945, 131 Conn. 665, 42 A.2d 145. The court stated that:

"* * * as it is admitted that this is an action for injuries to the person caused by negligence, the New Jersey two-year statute, inasmuch as it does not purport to qualify the plaintiff's right, does not apply, but it is the Connecticut one-year statute which governs." 131 Conn. at page 670, 42 A.2d at page 147.

The applicable Massachusetts statute appears to be Sec. 2a, Ch. 260, Mass.Gen. Laws Annotated which reads as follows:

"*Limitation of Two Years in Certain Cases*

"Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within two years next after the cause of action accrues." St.1948, c. 274, § 2.

This statute, as well as Sec. 4 covering other more specific actions, does not qualify the plaintiff's right, but appears to be what the Connecticut courts have termed an unqualified statute of limitations, and as such, would not be controlling in the case at bar. See Thomas Iron Co. v. Ensign-Bickford Co., supra.

The motion to dismiss the action as barred by the statute of limitations may be granted.