William E. **EARNHARDT**

v.

**Wayne M. SHATTUCK and Philip Howard.**

**Civ. A. No. 3668.**

United States District Court
D. Vermont.

Aug. 5, 1964.

John A. Rocray, Brattleboro, Vt., for plaintiff.

Fletcher B. Joslin, Montpelier, Vt., for defendants.

846

GIBSON, District Judge.

## STATEMENT OF THE CASE

This action is a civil action arising out of a two-car accident which occurred in the State of Connecticut on May 15, 1960. The plaintiff is a resident of the State of North Carolina and the defendants are residents of the State of Vermont. Wayne Shattuck was the driver of a car which was owned by his stepfather, Philip Howard.

The plaintiff originally brought this action in the District Court for the Middle District of North Carolina in April 1962. That suit was dismissed because of the plaintiff's inability to secure personal jurisdiction over the defendants. Plaintiff thereafter brought suit in this Court by filing a complaint on February 19, 1963. The defendants filed their answer on March 9, 1963. In this answer they set forth an affirmative defense in the form of a motion to dismiss:

"Plaintiff's claim, if any he had, accrued more than one year before the commencement of this action, and is barred by the Statute of Limitations of the State of Connecticut, for that the events, all as alleged by the several counts of the Plaintiff's complaint, took place more than a year prior to the bringing of the Plaintiff's summons and complaint, and that by the laws of Connecticut, wherein said Plaintiff's supposed cause of action arose, the said Plaintiff's cause of action was thereby extinguished."

Hearings on this motion were held before this Court at which time the plaintiff argued that the Statute of Limitations of the State of Vermont was applicable to this action rather than that of Connecticut.

## CONCLUSIONS OF LAW

The applicable Connecticut statute which defendants contend bars this action is Chapter 926, § 52–584 of the Connecticut General Statutes Annotated which reads as follows:

"No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, chiropodist, chiropractor, hospital or sanitorium, shall be brought but within one year from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

Thus, under the Connecticut one-year Statute of Limitations, if it is applicable as the defendants contend, the present action must be dismissed.

The plaintiff on the other hand contends that the Vermont Statute of Limitations applicable to this case is 12 V.S.A. § 512 which states:

"Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after:

"(1) * * *

"(2) * * *

"(3) * * *

"(4) Injury to the person suffered by the act or default of another;

"(5) Damage to personal property suffered by the act or default of another."

Thus, if the Vermont Statute of Limitations is applicable in the instant case the the plaintiff is not barred by the running of the statute of limitations since the action was timely commenced insofar as the law of Vermont is concerned.

■ The question of law which must be determined at this point in the action can be narrowly stated: When the cause of action arises in another jurisdiction (the lex loci), is the statute of limitations applicable to the cause of action that of the lex loci or that of the jurisdiction

wherein the suit is brought (the lex fori)? In determining this question, this Court is required to make such determination as would a state court of Vermont, or in the absence of any decision by those courts, as it believes the state court would decide this conflicts of law issue. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496, 497, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

■ There is no Vermont "borrowing" statute or decision directly on point wherein the statute of limitations which the Vermont courts will apply is required to be that of the lex loci. It would appear that the Vermont conflicts-of-law rule which is followed in Vermont is for the Vermont court to look to the lex loci to determine the extent of the right in the lex loci and thus the views of the lex loci as to the exact nature of the statute of limitations in that forum. McLaughlin v. Blake, 120 Vt. 174, 176, 136 A.2d 492 (1957).

■ It is therefore necessary for this Court to determine whether the state courts of Connecticut consider the aforementioned statute of limitations as being substantive or otherwise so closely connected to the cause of action that it must be applied. Thomas Iron Co. v. Ensign-Bickford Co., 131 Conn. 665, 42 A.2d 145 (1945). If they consider it otherwise than as just stated, it is procedural and the Vermont courts would apply their own statute of limitations. Defendants agree that if the limitation is only upon the remedy in that event it would be procedural and accordingly would be governed by the law of Vermont.

■ There appears to be no Connecticut decision in which the determination was clearly made whether or not the Connecticut limitation of action statutes for common law actions have been held to be substantive rather than procedural. However, it has often been determined by that state that when the cause of action is created by law, the statute limiting that cause of action is a limitation of the liability itself and not merely the remedy alone. DeMartino v. Sieman, 90 Conn. 527, 97 A. 765 (1916); State v. Aetna Casualty & Surety Co., 138 Conn. 363, 84 A.2d 683, 686 (1951). By inference, it can therefore be said that if the courts of that state make this distinction, the implied corollary is that if the action is not created by statute, but arose under the common law, then the limitation is of the remedy alone, that it does not extinguish the cause of action and is therefore a purely procedural limitation.

This inference that the applicable Connecticut statute of limitations is procedural is borne out by another line of reasoning. State courts of the lex forum, having determined that the statute of limitations of the lex loci is procedural, then utilize their own statute of limitations. This could not be done if the statute of limitations of the lex forum were substantive. If the statute of limitations is so intertwined with the cause of action that it applied only to that cause of action, it could not be used to bar a foreign cause of action. Only when the statute of limitations is procedural can it be applied to a foreign cause of action. The limitation of actions statutes of Connecticut have many times been applied to foreign causes of action where such foreign action was one which arose at common law. Gorman v. Transocean Air Lines, 158 F.Supp. 339, 340 (D.C.Conn. 1957); State of Maryland v. Eis Automotive Corporation, 145 F.Supp. 444, 446 (D.C.Conn. 1956); Thomas Iron Co. v. Ensign-Bickford Co., 131 Conn. 665, 42 A.2d 145, 146 (1945); Morris Plan Industrial Bank of New York v. Richards, 131 Conn. 671, 42 A.2d 147, 148 (1945).

■ In summary, this Court must follow the conflicts-of-law rule followed by the state courts of Vermont. The state courts of Vermont would look to the lex loci to determine the extent of the right and the determination by that forum as to the nature of its particular statute of limitations, whether it is substantive or procedural. The Connecticut courts have held, albeit by inference and implication, that when the cause of action existed at common law and is not a stat-

ute-created action, the statute of limitations applicable to that common law cause of action is procedural and goes only to the remedy. Since the statute of limitations of the lex loci is procedural, the lex forum applies its own statute of limitations. In the instant action, the Vermont statute of limitations had not run at the time of the filing of this action and therefore defendants' motion to dismiss must be denied.