Alton M. **MIZELL**, Plaintiff,

v.

John H. **WELCH**, Defendant.

Civ. No. 10733.

United States District Court
D. Connecticut.

July 7, 1965.

James O'C. Shea, New Haven, Conn., Leon A. Wilson, II, Benjamin Smith, Jr., Waycross, Ga., for plaintiff.

David M. Reilly, Jr., New Haven, Conn., John H. Welch, Jr., Bridgeport, Conn., for defendant.

TIMBERS, Chief Judge.

Plaintiff on November 19, 1964 having brought this action for damages incurred as a result of personal injuries sustained in Georgia on November 30, 1962; a similar action initially having been instituted by plaintiff June 12, 1964 in a Georgia state court, having been removed July 2, 1964 to the United States District Court for the Southern District of Georgia and there having been dismissed

September 28, 1964 for lack of jurisdiction over defendant's person; and

Defendant having moved, pursuant to Rule 56, Fed.R.Civ.P., for summary judgment on the grounds that (i) plaintiff's claim is barred by the Connecticut one year statute of limitations (Conn.Gen. Stat. § 52–584 (1958)), and (ii) proper personal service has never been made on defendant in Connecticut; and

The Court having heard argument by counsel for the respective parties and having considered the motion, pleadings, affidavits, briefs and all other papers on file; and

 The Court being of the opinion that defendant's motion for summary judgment should be granted, there being no genuine issue as to any material fact, and defendant being entitled to judgment as a matter of law for the reasons that

(1) The one-year Connecticut statute of limitations (Conn.Gen. Stat. § 52–584) applies to plaintiff's action because

(a) in a diversity action this Court must apply the statute of limitations which a Connecticut state court would apply (Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Ricciuti v. Voltarc Tubes, Inc., 277 F.2d 809 (2 Cir. 1960)), and

(b) Section 52–584, deemed procedural in nature (Earnhardt v. Shattuck, 232 F.Supp. 845 (D.Vt. 1964); Crampton v. D. V. Frione Co., 1 F.Supp. 989 (D.Conn. 1932)), would be applied by a Connecticut state court, and, therefore, by a federal court sitting in Connecticut, when the cause of action accrued outside of Connecticut (Ricciuti v. Voltarc Tubes, Inc., supra; Tarbert v. Ingraham Co., 190 F.Supp. 402 (D.Conn. 1960); Crampton v. D. V. Frione Co., supra; Thomas Iron Co. v. Ensign-Bickford Co., 131 Conn. 665, 42 A.2d 145 (1945), unless— as is not the case here—the for-

eign statute of limitations "is so interwoven with the statute creating the cause of action as to become one of the congeries of elements necessary to establish the right" (Thomas Iron Co. v. Ensign-Bickford, supra at 669, 42 A.2d at 146); and

 (2) The Connecticut Accidental Failure of Suit Statute (Conn.Gen.Stat. § 52–592) does not save plaintiff's cause of action because

(a) the Court, in the absence of a Connecticut state court decision construing the statutory language here in issue, "must make its own determination as to what the state courts would probably do" (Ricciuti v. Voltarc Tubes, Inc., supra; Masterson v. Atherton, 223 F. Supp. 407, 410 (D.Conn.1963), aff'd, 328 F.2d 106 (2 Cir. 1964)), exercising "its independent judgment as to what the statute means, guided by analogous decisions, if any, and the court's own reasoning as to the intended public policy" (1A Moore's Federal Practice ¶0.309[2], at 3327 (2d ed. 1965)),

(b) the disputed statutory phrase, "within the time limited by law," in the view of this Court, means within the limitation period prescribed by Connecticut law, and

(c) for the Court to rule otherwise, as plaintiff urges, would be anomalously to extend the benefit of a remedial Connecticut statute (Baker v. Baningoso, 134 Conn. 382, 386, 58 A.2d 5 (1948)) to a Georgia litigant in a situation where no remedy would be available to a Connecticut litigant; and

 (3) Plaintiff, having failed initially to bring his action within the time prescribed by Connecticut law (cf. Abele v. A. L. Dougherty Overseas, Inc., 192 F.Supp. 955 (N.D.Ind. 1961)),

cannot reap the benefit of the Connecticut Accidental Failure of Suit Statute and is, therefore, barred from seeking relief in this Court by Conn.Gen. Stat. § 52–584; it is

Ordered that defendant's motion for summary judgment be, and the same hereby is, granted.