

*Municipal Court of the City of Boston*
No. T-11495
**THOMASINA STERITI**
v.
**FORD MOTOR COMPANY, ET AL**

Argued: Oct. 8, 1965 — Decided: Feb. 7, 1966

*Present*: Riley, J. (Presiding), Lewiton and Glynn, JJ.

Case tried to *Adlow, C.J.*

*Lewiton, J.* The principal issue in this case is whether a contract action for personal injuries caused by breach of warranty in the sale of goods is governed by the two year limitation prescribed by Mass. G.L. c. 260, §2A, or by the four year limitation provided for by the more recently enacted Uniform Commercial Code (Code), (Mass. G.L. c. 106, §2-725 (1) ).

On or about *November* 6, 1961 the plaintiff's son, Philip, purchased from the defendant Perrotti Sales and Service, Inc. (Perrotti) a motor vehicle manufactured by the de-

fendant Ford Motor Co. (Ford). There was evidence that a few days thereafter, while the plaintiff was a passenger in the automobile being driven by her son, the steering wheel stuck, and to avoid a collision with the curb to his right, the driver had to apply the brakes suddenly and the plaintiff was thrown forward and injured. In this action of contract and tort against both defendants, she asserted claims of negligence and breach of warranty against each. This action was commenced some two and a half years after the purchase of the motor vehicle and the plaintiff's alleged injury.

At the close of the trial, the plaintiff requested rulings (1) that the evidence warranted a finding in her favor, and (2) that "There is a four year limitation on all actions for breach of contracts for sale irrespective of whether the damages sought are for personal injuries or otherwise." Both requests were denied by the trial judge for the stated reason that the plaintiff's "action was barred by G.L. c. 260, 2A". The report now before us presents the plaintiff's claim that the denial of the requested rulings was erroneous.

■ The statute of limitations to which the trial judge referred reads as follows: "Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within two years next after the cause of action accrues." (Mass. G.L. c. 260, §2A). Insofar as this statute was

held to bar recovery on the negligence counts in the plaintiff's declaration, the rulings by the trial judge were clearly correct.

■ From the facts stated in the report, it appears that warranties, express or implied, running from Perrotti to the plaintiff's son in connection with the sale of the automobile to him, would extend to the plaintiff. See G. L. c. 106, §2-318. Moreover, the Code expressly provides for the recovery of damages thereunder for injury to person or property proximately resulting from any breach of warranty (G.L. c. 106, §2-715). Thus, the plaintiff's claim based upon alleged breach of warranty by Perrotti is clearly within the scope of the Code.. In our opinion, the four year period of limitations prescribed by the Code is applicable to this phase of her case.

Mass. G. L., c. 106, §2-725(1) provides that:

> "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it."

The language of this statute is clear. It does not in terms limit its applicability to any particular type of "action for breach of any contract for sale", nor does it expressly exclude from its ambit any particular species of such actions, whether to recover for personal injuries or otherwise. The language of the statute is unambiguous and all-inclusive

of "action[s] for breach of any contract of sale". Nevertheless, the defendants urge that we construe Code §2-725(1) as being applicable solely to actions of contract relating to commercial transactions other than those involving personal injuries. We see no warrant for our reading any such limitation into the statute. To do so would be an act of judicial legislation rather than a permissible interpretation of construction of statutory language. See *Comm. v. Gardner*, 300 Mass. 372, 375.

The rule is well settled that where the language of a statute is clear and unambiguous, the courts must construe the statute in accordance with the plain and ordinary meaning of the words employed therein. *Johnson's Case*, 318 Mass. 741, 747; *Corcoran v. S. S. Kresge Co.*, 313 Mass. 299, 303; *Sampson v. Treas. and Rec. Gen.*, 282 Mass. 119, 122.

The Legislature must be presumed to have meant what the words plainly say. *Condon v. Haitsma*, 325 Mas.s 371, 373; *Westgate v. Century Indemnity Co.*, 309 Mass. 412, 416.

Even if the language of §2-725(1) of the Code were less clear, we should still be inclined to conclude that the Legislature intended the section to be applicable to all types of action for breach of a contract for sale.

Thus, G.L. c. 106, §1-102 directs that the Code shall be liberally construed and applied to promote its underlying purposes and

policies, one of which is stated therein to be "to make uniform the law among the various jurisdictions". That the broad form of the statute of limitations enacted in the Code was intended to serve this purpose of uniformity appears from the following official comment by its sponsors with reference to the identical provision in their draft act, which was later enacted by our Legislature as §2-725 (1):

> "Purposes: To introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred. This Article *takes sales contracts out of the general laws* limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice. This is within the normal commercial record keeping period." (Emphasis supplied).

*Cf. Corrigan v. Clairol, Inc.* 126 F. Supp. 791 (D. C. Conn.)

Had the Legislature intended to depart from this objective of uniformity, and to exclude from the scope of the four year statute actions for breach of contracts of sale resulting in personal injuries, it could easily have expressed such an intent. *Comm. v.*

*Gardner,* 300 Mass. 372, 375. Just as it provided in subsection (4) of §2-725, that that section does not alter the law on tolling of the statute of limitations, it could have provided that the section should not alter the existing law with respect to the period of limitations applicable to this type of action.

Our conclusion is in accord with the recent decision of the Supreme Court of Pennsylvania, in the case of *Gardiner v. Philadelphia Gas Works,* 413 Pa. 415, where that court construed a section of the Uniform Commercial Code identical with that with which we are here concerned. It held that notwithstanding the prior limitation of two years for bringing actions for personal injuries, whether based on negligence or contract, the four year period of limitations prescribed by the Uniform Commercial Code is now applicable to any such case arising from breach of a contract of sale.

In the light of our construction of G.L. c. 106, §2-175(1) there must be a new trial on the contract counts based upon alleged breach of warranty by the defendant Perrotti. As to the defendant Ford, the report before us does not indicate any basis for a claim of any warranty to the plaintiff. However, since the report does not negative the existence of any such warranty, and since the trial judge denied the requested rulings solely on the theory that the two year statute of limitations applied to such actions, whether in contract or tort, we are constrained to order

a new trial, also, of the contract counts alleging breach of warranty by the defendant Ford.

*Finding for the defendants vacated. New trial ordered, solely on counts alleging breach of warranty.*

*Riley, J.* dissenting:

I must dissent from the majority opinion, but will not labor the difference of opinion.

In view of the majority of the panel ordering a new trial, there is nothing appealable or reviewable at this time.

This being a so-called ''T-case'', transferred to this court for trial, and subject to being returned to the Superior Court after trial and a finding made here, I am of the opinion that the enactment of the Commercial Code did not change the statute of limitations in this case, and that the trial judge ruled correctly on the plaintiff's requests for rulings of law.

Charles J. Wilkins, of Boston, for the Plaintiff.

John L. Lyman and Philip W. Riley, both of Boston, for Defendant Ford Motor Company.

Paul Kenneally, of Boston, for Defendant Perrotti.