Lee **KELLEY**

v.

The **GOODYEAR TIRE &
RUBBER COMPANY.**

**Civ. No. H–86–872 (PCD).**

United States District Court,
D. Connecticut.

Sept. 21, 1987.

Harry Cohen, Cohen & Kessler, New Milford, Conn., for plaintiff.

Stephen Greenspan, Hartford, Conn., for defendant.

## RULING ON MOTION FOR
## SUMMARY JUDGMENT

DORSEY, District Judge.

*Facts and Procedural History*

Plaintiff, Lee Kelley, was injured in 1984 when a wheel of his truck exploded while he was changing a tire in New Jersey. Kelley claims that Goodyear Tire & Rubber Co. ("Goodyear"), the manufacturer of the wheel, is responsible for his injuries on theories of strict liability, negligence and failure to warn under Connecticut Products Liability Act, Conn.Gen.Stat. § 52–572m, *et seq.* Jurisdiction is based on diversity. Plaintiff is a resident of Connecticut and was treated for his injuries here; Goodyear is an Ohio corporation which manufactured the wheel in Ohio in 1955. Plaintiff bought the truck, of which the wheel was a part, from his brother prior to April 1984. The truck had been sold in Connecticut in 1961 as new.

Defendant has moved for summary judgment on the ground that plaintiff's claim is time-barred by Conn.Gen.Stat. § 52–584[1]

---

1. Conn.Gen.Stat. § 52–584 states, in relevant part:

No action to recover damages for injury to the person ... caused by negligence, or by reck-

and § 52–577.[2] Plaintiff contends that the statute of limitation applicable to this product liability action is Conn.Gen.Stat. § 52–577a.[3]

*Discussion*

■ The parties have labeled the issue presented here as one of "choice of law," although that description is not entirely apt as the parties have argued the applicability, not of conflicting laws of different states, but among several different Connecticut statutes.

Sitting in diversity, a federal court must apply the conflict of law rules of the state in which it sits. *Klaxon & Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Thus, in a multistate controversy, this court applies the same statute of limitations which a Connecticut court would apply if the action had begun in state court. *See Guaranty Trust v.*

*York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Defendant argues that the substantive law of Ohio (where the allegedly defective wheel was designed and manufactured) governs the tort issues in this case under the rule announced in *O'Connor v. O'Connor*, 201 Conn. 632, 519 A.2d 13 (1986). *O'Connor* held that the "most significant relationship" analysis of the Restatement (Second) of Conflict Law[4] should be applied to tort cases when the application of the traditional *lex loci delicti* (law of the place of injury) standard would be irrational or arbitrary. *O'Connor*, 201 Conn. at 650, 519 A.2d 13.

Defendant argues that if Ohio substantive law governs the tort issues raised by plaintiff's action then a Connecticut court would not apply § 52–577a because it is "so interwoven with the statute creating the cause of action" for product liability, so as to become part of the substantive tort law

less or wanton misconduct, ... shall be brought but within two years from the date when the injury is first sustained or discovered.

2. Conn.Gen.Stat. § 52–577 states:

**Action founded upon a tort**
No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.

3. Conn.Gen.Stat. § 52–577a states, in relevant part:

**Limitation of action based on product liability claim**
(a) No product liability claim as defined in section 52–572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, subject to subsections (c) and (d), no such action may be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten years from the date that the party last parted with possession or control of the product.
. . . .
(c) The ten-year limitation provided for in subsection (a) shall not apply to any product liability claim brought by a claimant who is not entitled to compensation under chapter 568, provided the claimant can prove that the harm occurred during the useful safe life of the product. In determining whether a product's useful safe life has expired, the trier of fact may consider among other factors: (1) The effect on the product of wear and tear or deterioration from natural causes; (2) the ef-

fect of climatic and other local conditions which the product was used; (3) the policy of the user and similar users as to repairs, renewals and replacements; (4) representations, instructions and warnings made by the product seller about the useful safe life of the product; and (5) any modification or alteration of the product by a user or third party.

4. Restatement (Second) of Conflicts § 145(1) and § 6 (1971 and Supp.1986–87) provide:
§ 145(1):
The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
§ 6:
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
    (a) the needs of the interstate and international systems,
    (b) the relevant policies of the forum,
    (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
    (d) the protections of justified expectations,
    (e) the basic policies underlying the particular field of law,
    (f) certainty, predictability and uniformity of result, and,
    (g) ease in the determination and application of the law to be applied.

of the state.[5] *Thomas Iron Co. v. Ensign–Bickford Co.*, 131 Conn. 665, 668, 42 A.2d 145 (1945). In the absence of the longer period prescribed for product liability actions, the limitations of § 52–584 (for personal injury negligence actions) and § 52–577 (for general tort actions) would bar plaintiff's claim.[6]

In the court's view, a Connecticut court would not characterize Conn.Gen.Stat. § 52–577a as substantive for this purpose. *See Defourneaux v. Sturm Ruger & Co.*, 503 F.Supp. 2, 4 (D.Conn.1980). The general rule in Connecticut is that limitation provisions are procedural for conflict purposes, so that the forum's limitation period applies. *Brown v. Merrow Mach. Co.*, 411 F.Supp. 1162, 1164 (D.Conn.1976). No Connecticut case has been cited which characterizes § 52–577a, or indeed any other state's product liability statute of limitations, as substantive. *See Estate of Mikulis v. Olin Corp.*, Civil No. B–80–456 (TFGD) (D.Conn. Mar. 28, 1983) (Ruling on Defendant's Motion for Summary Judgment). Indeed, although *Thomas Iron Co.*, 131 Conn. at 669, 42 A.2d 145, described an exception to the general rule where a limitation provision is interwoven with a statutorily created remedy, the exception was not applied in that case so that the limita-

tions provision of the forum was held to govern.

By its terms, § 52–577a is applicable to product liability claims "as defined in section 52–572m."[7] However, § 52–572m does not "create a new liability" which was unknown to the common law. *Compare Thomas Iron Co.*, 131 Conn. at 669–670, 42 A.2d 145 (limitation provision is substantive if specifically directed to a newly created statutory liability). It merely collects and classifies a range of existing common law theories, consolidating them under the ambit of product liability. Nothing in the statutory language implies that such claims must have been "created by" or "brought under" § 52–572m for the longer limitations period to apply.

Prior decisions of this court have rejected the argument that limitation periods found in state Products Liability Acts are substantive for the purposes of Connecticut conflict of law analysis. *Mikulis*, Civil No. B–80–456; *Bowman v. Sturm, Ruger & Co.*, Civil No. B–82–393 (WWE) (D.Conn. Feb. 23, 1983) (Recommended Ruling on Defendant's Motion for Summary Judgment). Both cases were decided under the pre-*O'Connor* rule of *lex loci*.

In *Mikulis*, plaintiff's deceased was killed when a rifle manufactured by the

---

**5.** Because the court does not find that a Connecticut court would consider § 52–577a to be an inseparable part of the substantive product liability law of the state, the court need not decide whether Ohio law might govern substantive issues raised by this case. Except for the limitations issue discussed here, the parties have not presented any other instances of actual conflict between Connecticut and Ohio law of product liability as it effects this case. Moreover, application of the Restatement test to the issue of which limitations period to apply is problematic. It is not at all clear why the policies or interests of Ohio are implicated in making a choice between two *Connecticut* statutes. Moreover, Connecticut has a legitimate and strong interest in protecting its citizens from defective products sent into the state as well as from defective products manufactured here. In enacting § 52–577a the Legislature recognized that such defective products often have a long useful life and sought to sustain a remedy for injuries they cause.

**6.** Plaintiff argues that, even if § 52–577 does apply, Goodyear's failure to warn was a continuing wrong which would toll the statute. *See*

*Vilcinskas v. Sears, Roebuck & Co.*, 144 Conn. 170, 127 A.2d 814 (1956). The court need not reach that argument here.

**7.** Conn.Gen.Stat. § 52–572m provides, in relevant part:

**Product liability actions. Definitions**

. . . .

(b) "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent.

defendant discharged. The accident occurred in New Hampshire and the defendant argued that the action was governed by the New Hampshire Product Liability Act, N.H.Rev.Stat. Ann. ch. 507–D (Supp.1979), including the limitation of product liability actions which was contained in the Act, N.H.Rev.Stat.Ann. § 507–D:2 (Supp.1979). The defendant argued that the Product Liability Act created a liability unknown at common law and that the limitations provision was inseparable from the created cause of action, so that the limitation provision was substantive within the exception of *Thomas Iron Co.; Mikulis,* slip op. at 3.

A similar claim was made by the defendant in *Bowman,* in which the accident took place in Oregon. As in *Mikulis,* the defendant argued that the Oregon Statute of Repose, Or.Rev.Stat. § 30.905 (1979), which specifically governs product liability actions, was substantive law which should be applied in place of Conn.Gen.Stat. § 52–577a. *Bowman,* slip op. at 3. In both *Mikulis* and *Bowman,* the court rejected defendants' claims. *Mikulis,* slip op. at 6; *Bowman,* slip op. at 4. Both Oregon and New Hampshire common law had recognized product liability claims before enactment of the respective Product Liability Acts. *Mikulis,* slip op. at 3; *Bowman,* slip op. at 5. Thus, the Acts were found not to have created "new liabilities" within the meaning of the *Thomas Iron Co.* exception. Accordingly, the Connecticut statute of limitations provision for product liability actions, § 52–577a, was applied despite the fact that another state's law governed the substantive issues. Section 52–577a was thus considered "procedural" for Connecticut conflict of law purposes.

█ Accepting the reasoning of *Mikulis* and *Bowman* and, in the absence of any clear indication that a Connecticut court would rule otherwise, the Connecticut product liability limitations, § 52–577a will be applied in this diversity action. An action would not be time-barred if the wheel was within its useful safe life at the time of the injury. As this presents a disputed question of material fact, summary judgment is inappropriate.

Accordingly, defendant's motion is denied.

SO ORDERED.